UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY-LUKE GRIFFIN,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>CARVANA LLC,<br><br>　　　　　　　Defendant. | Case No.: 22-cv-0939-DMS-DEB<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS** |

　　　　Plaintiff Jeremy-Luke Griffin, a non-prisoner proceeding pro se, has submitted a Complaint along with a motion to proceed *in forma pauperis* ("IFP"). (ECF Nos. 1–2). The matter is ripe for decision. For the following reasons, the Court denies the motion.

　　　　All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[1] An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999); *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). Furthermore,

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)). The additional $52 administrative fee does not apply to persons granted leave to proceed *in forma pauperis*. *Id.*

1

plaintiffs bringing actions in the Southern District of California must comply with Civil Local Rule 3.2, which requires that all actions by parties seeking to proceed IFP be accompanied by an affidavit including specified information demonstrating inability to pay initial fees.

However, there are limited contexts in which a civil plaintiff may avoid the traditional IFP requirements. *See M.L.B. v. S.L.J.*, 519 U.S. 102, 117 (1996). The Constitution only requires waiver of filing fees in a narrow category of cases where the litigant has a "fundamental interest at stake." *Id.* An example of a fundamental interest is a plaintiff seeking divorce due to the "state monopolization of the means for legally dissolving [the] relationship." *Boddie v. Connecticut*, 401 U.S. 374 (1971). Another is the termination of parental rights because "few consequences of judicial action are so grave as the severance of natural family ties." *M.L.B.*, 519 U.S. at 119 (quoting *Santosky v. Kramer*, 455 U.S. 745, 787 (1982)). Conversely, the Supreme Court has held that the discharging of debts in bankruptcy is not a fundamental interest compelling a constitutional waiver of filing fees. *United States v. Kras*, 409 U.S. 434, 444-45 (1973); *see also Ortwein v. Schwab*, 410 U.S. 656, 659 (1973) (per curiam) (holding the same where plaintiff is challenging reduction of welfare benefits).

Here, Plaintiff submitted an incomplete affidavit in support of his motion to proceed IFP. (ECF No. 2). Plaintiff did not provide the Court with financial information to support his indigent status as required by CivLR 3.2. *Id.* Instead, in response to most questions, Plaintiff's affidavit simply states that, pursuant to the Fourteenth Amendment, "Justice is not for sale." *Id.* However, as explained above, there is no constitutional right to proceed IFP, with waiver of fees limited to a narrow category of cases. *See Rodriguez*, 169 F.3d at 1180. Thus, because Plaintiff's affidavit does not comply with the financial disclosure requirements of CivLR 3.2, in order for Plaintiff to proceed IFP he must allege that a "fundamental interest" is at stake.

The substance of Plaintiff's complaint relates to a consumer dispute with Defendant Carvana LLC. (ECF No. 1). On this basis, the Court does not find that Plaintiff's complaint

rises to the level of a fundamental interest compelled by the Constitution or contemplated by the Supreme Court as sufficient to justify the waiver of filing fees. Plaintiff's complaint, which alleges monetary damages resulting from a consumer transaction, is more analogous to bankruptcy proceedings or welfare benefits than it is to such fundamental rights as child-rearing or marriage. Thus, Plaintiff has not alleged a fundamental interest that mandates a constitutional waiver of filing fees in the absence of a showing of indigency to proceed IFP.

Absent a fundamental interest, the applicable standard for requiring fees "is that of rational justification," a requirement the Court finds satisfied by the judiciary's need to maintain a fee filing system which offsets court operating expenses, discourages the filing of frivolous lawsuits, and promotes the economy of judicial resources. *See Ortwein v. Schwab*, 410 U.S. 656, 660 (1973). Plaintiff is not barred from filing his claim—he is only required to pay a fee or, otherwise, provide sufficient documentation to support his alleged indigent status.

Because Plaintiff failed to comply with various requirements of CivLR 3.2 and his complaint does not facially allege a fundamental interest at stake, the Court finds Plaintiff's motion to proceed IFP insufficient to waive the filing fee. Thus, Plaintiff's motion to proceed *in forma pauperis* is **DENIED** and the Complaint is **DISMISSED** without prejudice. Pursuant to this Order, Plaintiff is granted thirty days leave to pay the filing fee required to maintain this action, or to submit documentation regarding his economic status in accordance with the requirements of CivLR 3.2.

If Plaintiff chooses to file additional information regarding his poverty, he must attach a copy of this order.

**IT IS SO ORDERED**.

1 | Dated:  August 18, 2022

Hon. Dana M. Sabraw, Chief Judge
United States District Court